IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT YANCY EARLE,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 1:07-CR-18 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1] For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

Defendant was charged by Indictment on February 21, 2007, with one count of distribution of child pornography and one count of possession of child pornography. On June 27, 2007, Defendant entered a plea of guilty to possession of child pornography pursuant to a Superseding Information. Defendant was subsequently sentenced to a term of 50 months in the custody of the Bureau of Prisons, to be followed by a 60-month term of supervised release.

Defendant entered a halfway house in 2011 where he quickly obtained employment and began attending a sex-offender treatment program. Shortly thereafter, Defendant began his term of supervision. Defendant has completed roughly half of his term of supervision. During that

---

[1] Docket No. 42.

1

time, Defendant has maintained compliance with the terms of his supervision, including maintaining employment and attending therapy. Defendant now moves to terminate that supervision.

Defendant moves for early termination because it has been ten years since he committed the conduct giving rise to the instant offense and he would like to move forward with his life. In support of his Motion, Defendant asserts that he has fully complied with all the terms of his supervision, maintained gainful employment, completed a sex-offender out-patient program, and brought his life into compliance with the law. Defendant has provided letters from his employer and therapist in support of his Motion. Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release.

The Government objects to Defendant's request for early termination. In its Objection, the Government focuses on (1) the severity of Defendant's original offense, including the fact that Defendant possessed close to 1,200 images of child pornography, a number of which portrayed the sexual abuse of prepubescent minors; (2) the fact that Defendant's conduct may have constituted a greater offense of distribution of child pornography but Defendant was allowed to plead to the lesser charge of possession of child pornography; (3) the damaging effect Defendant's conduct has upon the lives of the victims of Defendant's offense; (4) Congress's intent in enacting harsh penalties for such offenses; (5) the high risk of recidivism generally among sex offenders; and (6) the Court's downward variance in sentencing Defendant to a term of 50 months' custody when Defendant faced a guideline range of 57 to 71 months.

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is not warranted or in the interest of justice. The Court notes with approval Defendant's good conduct thus far under supervised release. However, the Court is cognizant of the concerns raised by the Government and, for this reason, the Court will deny Defendant's Motion. The Court encourages the Defendant to continue his good conduct and re-file his request for early termination in one years' time.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 42) is DENIED.

DATED June 18, 2014.

BY THE COURT:

TED STEWART
United States District Judge